UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN TORRES D/B/A | § | |
| USA FLOWER SHOP | § | |
|     *Plaintiff*, | § | |
| v. | § | CIVIL ACTION H-09-3038 |
| | § | |
| AMERICAN ECONOMY INSURANCE COMPANY, | § | |
|     *Defendant*. | § | |

### ORDER

Before the court is a motion for summary judgment (Dkt. 12) filed by defendant American Economy Insurance Company (AEIC). For the reasons stated below, AEIC's motion is granted.

### Background

This Hurricane Ike suit involves a claim of property damage to a flower shop leased by plaintiff Martin Torres. The property coverage of the policy issued by AEIC contained limits of $12,000 for business personal property and $1,000 for spoilage coverage of perishable stock. On October 23, 2008, Torres reported damage to the flower shop caused by the hurricane, including wind damage to the exterior of the building, loss of flower inventory, and damage to the compressor for one of the shop's large walk-in coolers. On October 29, 2008, AEIC sent an adjuster to conduct an inspection of the property. During the inspection, Torres indicated that he paid for repairs to the building but did not have invoices for the

1

spoiled flowers or the building repairs. After several requests from AEIC, Torres submitted invoices and receipts on November 25, 2008. Missing from his documentation was information regarding Torres' ownership of the building and damage to the cooler compressor.

AEIC followed up with several requests for the missing documentation. On December 4, 2008, Torres called AEIC to discuss his claim. During that call, Torres reported that "the cooler was damaged from all the electricity outages that came back on and off." (Ex. A-7 at 9, Dkt. 12-4). Torres also requested a Spanish-speaking assistant, which AEIC later provided.

Torres never provided documentation showing the value of the damaged flower stock, the cause of damage to the cooler compressor, supporting documentation showing his ownership of the building, or a lease agreement for the flower shop. By letter dated March 27, 2009 AEIC issued payment of $1,000 in spoilage coverage, the policy limit, to Torres. The letter further explained that because Torres still had not provided documentation related to cooler damage and the building improvements, AEIC was unable to further assist Torres with his remaining claims.

Torres filed suit on August 17, 2009 claiming that AEIC failed to adequately compensate him under the policy. In turn AEIC files this motion for summary

judgment, the basis of which is twofold:(1) Torres cannot raise a genuine issue of material fact that his damages are covered by the policy, and (2) Torres' failure to cooperate in the investigation abrogates AEIC's duty to compensate him for his damages.

## Summary Judgment Standard

To obtain summary judgment, AEIC bears the burden of demonstrating that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. FED. R. CIV. P. 56(c). Summary judgment should issue if, after having adequate time for discovery, Torres has produced insufficient evidence to create a jury question on one or more of the essential elements of his claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Conversely, where AEIC has the burden of proof, it must establish, as a matter of law, every essential element of its defense before Torres can be obligated to produce specific facts to rebut the defense. *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). In determining the existence of a genuine issue of material fact, the court will draw all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 817 (5th Cir. 2002).

### Request for Continuance

In his response to AEIC's motion for summary judgment (Dkt. 13), Torres requests a continuance pursuant to FED. R. CIV. P. 56(f) in order for him to perform discovery before the court rules on the motion for summary judgment. (Dkt. 13 at 1-2.). Rule 56(f) authorizes a court to grant a continuance to respond to a summary judgment motion when the nonmovant has not had an opportunity to conduct discovery that is essential to his opposition to the motion for summary judgment. *Adams v. Travelers Indem. Co.*, 465 F.3d 156 (5th Cir. 2006). A party opposing summary judgment under Rule 56(f) must demonstrate: (1) why additional discovery is needed and (2) how the additional discovery will likely create a genuine issue of material fact. *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 n.5 (5th Cir. 2002).

In one cursory sentence, Torres argues that further discovery is necessary because "it is anticipated that Defendant's corporate representatives will offer testimony applicable to Plaintiffs federal and state law claims." (Dkt. 13). Beyond stating the obvious, nowhere does Torres identify the discovery he needs to adequately respond to the motion, and the affidavit counsel refers to in his response is merely a recitation of the one-sentence argument presented in Torres' brief. (*See* P. Ex. A, Dkt 13-1).

A party seeking a Rule 56(f) continuance "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999) (citing *Washington v. Allstate Insurance Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)). Torres' wholesale failure to identify the allegedly needed discovery dooms his Rule 56(f) request. The court also notes that the defendant's motion has now been pending for over three months, during which time Torres has not been precluded from pursuing any discovery he deemed necessary. Torres' request for a Rule 56(f) continuance is denied.

## Analysis

A.   **Power failure exclusion**

Torres is suing AEIC in part to collect for damage done to his walk-in cooler compressor. AEIC refused to compensate Torres for the cooler damage, claiming that according to Torres, the damage was caused by power surges, an event excluded under its power failure exclusion. (D. Ex. A-7, Dkt. 12-4). The power failure exclusion reads as follows:

> We will not pay for loss or damage caused directly or indirectly by any of the following...
>
> A.   Power Failure

> The failure of power or other utility service supplied to the described premises, however caused, <u>if failure occurs away from the described premises.</u> Failure includes lack of sufficient capacity and reduction in supply. But if the failure of power or other utility service results in Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss. This exclusion does not apply to loss or damage to "computers" and "electronic data"

(D. Ex. A-1, Dkt. 12-2) (emphasis added).

The plain language of the policy precludes recovery for damage to property caused by power failures occurring away from the premises, *i.e.* at the utility's power station. *See Southern Surgery Ctr., LLC v. Fid. & Guar. Ins. Co.*, No. 2:07cv18, 2008 U.S. Dist. LEXIS 80636 at *18, 2008 WL 4549871 at *7 (S.D. Miss. Oct. 10, 2008) (power failure exclusion held to be plain and unambiguous); *Mapletown Foods v. Motorists Mut. Ins. Co.*, 662 N.E.2d 48, 50 (Ohio App. 1995) (power failure occurring at a utility station is "away from the premises"). Although no Texas cases have construed the exclusion found in AEIC's policy, courts from other jurisdictions have consistently held that similar exclusions preclude coverage for losses caused by power failures occurring away from the insured premises. *See Gies v. City of Gering*, 695 N.W.2d 180, 190-195 (Neb. App. 2005).

In *Gies*, the court held that a power failure exclusion in an AEIC policy—identical to the exclusion here—was unambiguous and precluded coverage for damage to a refrigeration compressor motor that resulted from a power failure at

a substation away from the meat packing business. *Id. See also Lake's Bryan Store Inc. V. Auto-owners Ins. Co.*, 589 N.W.2d 608, 610 (S.D. 1999)(power failure exclusion unambiguously precluded coverage for business interruption loss caused by power failure resulting from ice storm damage to power lines outside premises).

Based on Torres' October 29, 2008 statement that his building lost power for six to seven days, and his December 4, 2008 statement about electrical outages damaging the compressor, the power failure exclusion applies to the cooler compressor damage. Despite repeated requests for additional evidence, Torres failed to provide AEIC with documentation showing that damage to the cooler compressor resulted from anything other than the excluded power failure he described. Nor has Torres presented any such evidence to the court.

Torres does not claim the damage caused to his cooler compressor was caused by a power outage that occurred on the residence premises. Nor does he dispute the damage resulted from anything other than the excluded power failure. As a result, Torres has not produced evidence raising a jury question as to the existence of a covered claim for cooler compressor damage . *See Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 949 (S.D. Tex. 2005).

B.     **Business Personal Property Coverage**

In addition to the cooler compressor damage, Torres' claim also included

7

damage to portions of the building, including a telephone line attached to the building, a plywood garbage can enclosure on the building's exterior, and the exterior building trim. Because Torres is a leasing tenant who does not have building coverage under his policy, coverage for these losses depends on whether the damage was to business personal property.

Torres has the burden of showing that the building components satisfied one of the five categories of business personal property. *Federated Mut. Ins. Co. V. Grapevine Excavation*, Inc. 197 F.3d 720, 723 (5th Cir. 1999). The policy defines business personal property as follows:

(1) Property you own that is used in your business;
(2) Property of others that is in your care, custody, or control, except as otherwise provided in Loss Payment Property Loss Condition Paragraph E.5.d(3)(b);
(3) Tenant's improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:
    (a) Made a part of the building or structures you occupy but do not own; and
    (b) You acquired or made at your expense but cannot legally remove;
(4) Leased personal property which you have the contractual responsibility to insure, unless otherwise provided for under paragraph 1.b.(2); and
(5) Exterior building glass, if you are a tenant and no Limit of Insurance is shown in the Declaration for Building Property. The glass must be owned by you or in your care, custody or control.

(D. Ex. A-1, Dkt. 12-2).

Undisputed facts demonstrate that AEIC attempted to get information from

Torres on how, when, and where the damage occurred as well as information regarding the quantities, costs, values and amount of the claimed loss. (D. Ex A-14 at 11, Dkt. 12-4). Despite several opportunities to comply, Torres failed to provide any documentation supporting his belief that the repairs made to the building were covered as business personal property. Although in his response Torres argues that he experienced a language barrier when dealing with AEIC, Torres had access to AEIC's language line so that he could communicate his concerns. (D. Ex. A-8, Dkt. 12-4).

Torres' actions violated AEIC's cooperation clause which in this circuit precludes recovery. *See Certain Underwriters at Lloyd's of London v. Corporate Pines Realty Corp.*, No. 06-3361, 2008 WL 5245622, at 9-11 (S.D. Tex. 2008) *aff'd* 355 Fed. Appx. 778 (5th Cir. 2009) (court held insured's failure to cooperate prevented proper investigation and adjustment of the claim created a bona fide dispute precluding recovery); *Ressler v. Gen. Am. Life Ins. Co.*, 561 F. Supp.2d 691, 2007 WL 1091024, at *4 (E.D. Tex. April 10, 2007) (court found insured's wife had a duty to give the insurer "the necessary information or to cooperate in its investigation.")

Torres' reported his loss on October 23, 2008. On October 27, 2008, AEIC began what would become multiple attempts to get documentation from Torres

supporting his claim. Torres indicated that he paid for repairs to the building but AEIC needed documentation showing ownership of the damaged building components. AEIC told Torres that he should turn the building repair costs over to the building owner unless he had proof that he owned or otherwise had coverage for the damaged building components. Between December 23, 2008 and March 26, 2009, AEIC made four separate attempts to get supporting documentation from Torres, to no avail.

Almost two years after Torres filed his claim, supporting documentation establishing ownership has yet to be produced to AEIC, and no such evidence is present before us. Torres responds that AEIC had free access to evaluate the value of the damaged property, but that is beside the point. AEIC does not dispute that damage occurred nor that repairs took place. The issue is whether the damage was covered under Torres' policy. Torres had an obligation under the policy to cooperate in the investigation of the claim by providing documents supporting coverage and he failed to do so. Again, because Torres has failed to raise a genuine issue of material fact with respect to coverage, summary judgment on his breach of contract and remaining claims is appropriate.

C.  **Bad Faith Precluded**

As stated earlier, Torres' bad faith cause of action under common-law and the

Texas Insurance code is negated by the determination in the breach of contract claim that there was no coverage.  *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001).  AEIC's motion for summary judgment on Torres' bad faith claims is granted.

## Conclusion

For the reasons discussed above, AEIC's motion for summary judgment (Dkt. 12) is granted.[1]

Signed at Houston, Texas on June 8, 2010.

Stephen Wm Smith
United States Magistrate Judge

---

[1] Because this ruling is dispositive of Torres' claim, his unopposed motion for leave to designate expert witnesses (Dkt. 17) is denied as moot.